Mr. David W. Wagner Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602-2877
Dear Mr. Wagner:
You have been directed by the Metropolitan Transportation Planning Organization for the Gainesville Urbanized Area to request my opinion on substantially the following question:
Does section 339.175(2)(b), Florida Statutes, authorize the Board of Trustees of the University of Florida to appoint a voting member to the Metropolitan Transportation Planning Organization (MTPO) for the Gainesville Urbanized Area?
Section 339.175, Florida Statutes, provides the intent of the Legislature to encourage and promote the development of transportation systems "that will serve the mobility needs of people and freight within and through urbanized areas of this state while minimizing transportation-related fuel consumption and air pollution."[1] To accomplish this objective, the statute states that metropolitan planning organizations shall "develop, in cooperation with the state and public transit operators, transportation plans and programs for metropolitan areas. The plans and programs for each metropolitan area must provide for the development and integrated management and operation of transportation systems and facilities, including pedestrian walkways and bicycle transportation facilities that will function as an intermodal transportation system for the metropolitan area . . . . The process for developing such plans and programs shall provide for consideration of all modes of transportation and shall be continuing, cooperative, and comprehensive, to the degree appropriate, based on the complexity of the transportation problems to be addressed."[2]
The authority and responsibility of a metropolitan transportation planning organization (MTPO) or a metropolitan planning organization (MPO) is to "manage a continuing, cooperative, and comprehensive transportation planning process that . . . results in the development of plans and programs which are consistent . . . with the approved local government comprehensive plans of the units of local government the boundaries of which are within the metropolitan area of the M.P.O." The Legislature recognizes MPOs as "the forum for cooperative decision making by officials of the affected governmental entities in the development of the plans and programs required by [section 339.175, Florida Statutes].[3]
Each MPO shall be "involved in the planning and programming of transportation facilities, including, but not limited to, airports, intercity and high-speed rail lines, seaports, and intermodal facilities, to the extent permitted by state or federal law."[4]
The voting membership of an MPO or MTPO is prescribed by section339.175(2), Florida Statutes:
"The voting membership of an M.P.O. shall consist of not fewer than 5 or more than 19 apportioned members, the exact number to be determined on an equitable geographic-population ratio basis by the Governor, based on an agreement among the affected units of general-purpose local government as required by federal rules and regulations."[5]
Thus, general-purpose local governments supply representatives to the MPO. As required by this section:
"All voting members shall be elected officials of general-purpose governments, except that an M.P.O. may include, as part of its apportioned voting members, a member of a statutorily authorized planning board, an official of an agency that operates or administers a major mode of transportation, or an official of the Florida Space Authority."[6]
You have specifically inquired whether section 339.175(2)(b), Florida Statutes, authorizes the Board of Trustees of the University of Florida to appoint a voting member to the MTPO. Subparagraph (2)(b) provides in part:
"In metropolitan areas in which authorities or other agencies have been or may be created by law to perform transportation functions that are not under the jurisdiction of a general purpose local government represented on the M.P.O., they shall be provided voting membership on the M.P.O."
Part IV, Chapter 1001, Florida Statutes, provides a system of governance for the state universities and authorizes the creation of university boards of trustees for each of Florida's public universities.[7] Each board of trustees is declared to be a public body corporate with all the attendant powers of a corporation.[8] The university boards of trustees are public instrumentalities created to perform an essential public function.[9]
Pursuant to section 1001.74(1), Florida Statutes, the university boards of trustees are "responsible for cost-effective policy decisions appropriate to the university's mission, the implementation and maintenance of high quality education programs within law and rules of the State Board of Education, the measurement of performance, the reporting of information, and the provision of input regarding state policy, budgeting, and education standards."[10] Each board of trustees has the authority to govern its university in a fashion that will "provide proper governance and improvement of the university[.]"[11]
While state university boards of trustees do have certain traffic-related duties and responsibilities — for example, section 1001.74(35), Florida Statutes, includes the power to govern traffic on university campuses — I cannot conclude that they have been "created by law to perform transportation functions[.]" Rather, any such transportation-related duties appear to be tangential to their duties as university education administrators.
Therefore, it is my opinion that section 339.175(2)(b), Florida Statutes, does not provide authorization for the Board of Trustees of the University of Florida to appoint a voting member to the Metropolitan Transportation Planning Organization for the Gainesville Urbanized Area. However, I would note that section 339.175, Florida Statutes, provides for the participation of representatives of local bodies that may have transportation-related duties, responsibilities, and concerns in the activities of the MPO without acting as voting members. Section339.175(3)(a), Florida Statutes, specifically recognizes that "[n]onvoting advisers may be appointed by the M.P.O. as deemed necessary."[12]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 339.175, Fla. Stat.
[2] Section 339.175, Fla. Stat.
[3] Section 339.175(4), Fla. Stat.
[4] Section 339.175(5), Fla. Stat.
[5] Section 339.175(2)(a), Fla. Stat.
[6] Ibid.
[7] Section 1001.71(1), Fla. Stat.
[8] Section 1001.72(1), Fla. Stat.
[9] Section 1001.72(3), Fla. Stat.
[10] Section 1001.74(1), Fla. Stat.
[11] Section 1001.74(2), Fla. Stat.
[12] And see, s. 339.175(5)(d), Fla. Stat., authorizing an MPO to appoint a technical advisory committee made up of professionals from many transportation-related disciplines to advise the MPO; s. 339.175(5)(e), Fla. Stat., authorizing appointment of a citizens' advisory committee to include those "with an interest in the development of an efficient, safe, and cost-effective transportation system" ; and s. 339.175(7)(e), Fla. Stat., which requires MPOs to provide "representatives of users of public transit, and other interested parties" with reasonable notice of and an opportunity to comment on any proposed transportation improvement program.